IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TIMOTHY WAYNE TARVER, former husband, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACT. NO.  2:15-cv-959-TFM |
| SUSAN ANITA TARVER, former wife, | ) ) ) ) | |
| Defendant. | ) | |

**OPINION and ORDER**

**I.  Introduction**

On June 11, 2012, Susan Anita Tarver ("the former wife") and Timothy Wayne Tarver ("the former husband") divorced by a decree of the Circuit Court of Elmore County.  *See Tarver v. Tarver*, No. DR-10-362-R.  In its order, the state court incorporated the terms of the parties' settlement agreement executed on May 10, 2012.  On appeal, the former husband contested part of the settlement agreement in which he is required to pay his former wife 50 percent of his monthly Department of Veterans Affairs ("VA") disability benefits.   On December 19, 2014, the Alabama Court of Civil Appeals affirmed the decision of the Elmore County Circuit Court.  On February 27, 2015, the Supreme Court of Alabama entered its certificate of judgment denying the Petition for Writ of Certiorari without opinion.

On November 2, 2015, the former wife filed a Petition for Contempt against her former husband, asserting that the former husband violated the terms of their agreement

because he "is in the minimum 100 percent disabled but pays monies to [her] presumably based upon a 90 percent disability rating. . . ." Doc. 1-1, *Tarver v. Tarver*, No. DR-10-362.02-R.

On December 30, 2015, the former husband removed the state action to this court premised on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367. The parties have consented to a United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment, pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. L.R. 73.1. On January 29, 2016, the former wife filed a Motion to Remand. Doc. 5.

Now pending before the court is the Motion to Remand. Upon review of the pleadings, the Motion, the Response, and the evidentiary materials, the court concludes that the Motion to Remand is due to be GRANTED.

## II. STANDARD OF REVIEW

Because federal courts are courts of limited jurisdiction, it is a basic premise of federal court practice that the court must have jurisdiction over the subject matter of the action before it can act. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Thus, federal courts only have the power to hear cases as authorized by the Constitution or the laws of the United States, *see Kokkonen*, 511 U.S. at 377, and are required to inquire into their jurisdiction at the earliest possible point in the proceeding. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). In addition, Fed R. Civ. P. 12(h)(3)

requires that "[w]herever it appears . . . that the court lacks jurisdiction, the court shall dismiss the action."

### III. DISCUSSION

The former husband argues that this court has jurisdiction because he contests the trial court's order adopting part of the settlement agreement in which he is required to pay his former wife 50 percent of his monthly VA disability benefits. Specifically, he argues that 38 U.S.C. § 5301, the Uniformed Services Former Spouses' Protection Act ("FSPA"), prohibits the division and assignment of VA disability benefits in any legal process.

Title 28 U.S.C. § 1331 provides that a district court "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." To determine whether the court has federal question jurisdiction in this action, the court must look to the "well-pleaded complaint" rule. Under this doctrine, a "case does not arise under federal law unless a federal question is presented on the face of the plaintiff's complaint." *Whitt v. Sherman Intern. Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998) (citing *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983). "The existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008).

This court recognizes that FSPA prohibits the division of VA disability benefits as community property in a divorce. See *Mansell v. Mansell*, 490 U.S. 581, 594-95 (1989); 38 U.S.C. § 5301(a). However, "the mere presence of a federal issue in a state cause of

action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 (1986).  In the absence of diversity of citizenship, it is necessary for the court to determine whether there exists a substantial question of federal law sufficient to confer jurisdiction on the court.  *Wyke v. Polk Co. Sch. Bd.*, 129 F.3d 560, 566 (11th Cir. 1997) (citing *Hagans v. Lavine*, 415 U.S. 528, 537 (1974)).

To the extent the former husband seeks declaratory relief from adverse decisions issued or actions taken by the Elmore County Circuit Court in state court proceedings, this court lacks jurisdiction to render such a judgment.  "The *Rooker-Feldman* doctrine prevents ... lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. v. Saudi Basic Industries Corp*., 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459,460 (2006).  Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar the former husband from proceeding before this court as this case is "brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Lance*, 546 U.S. at 464; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction ... over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.").  Furthermore, "enforcement of [a] settlement agreement is for state

courts, unless there is some independent basis for federal jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am* 511 U.S. 375, 382 (1994).

In this case, the *Rooker-Feldman* doctrine deprives this court of jurisdiction over the Tarvers' lawsuit. It is undisputed that the former husband lost in state court and that the Certificate of Judgment was issued in the Alabama Supreme Court on February 27, 2015. Thus, the former husband was a "state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *See Exxon Mobil Corp*., 544 U.S. at 284, 125 S.Ct. at 1521-22. This court therefore concludes that this case, including the claims related to the former husband's argument that the state court violated federal law when it enforced a provision in the divorce decree requiring him to pay his ex-wife half of his VA disability benefits, is due to be dismissed for lack of jurisdiction. *See McSparin v. McSparin*, 489 Fed.Appx. 348 (11th Cir. 2012).

## IV.  CONCLUSION

Accordingly, it is

ORDERED that the Motion to Remand (Doc. 5) be and is hereby GRANTED and that this case is hereby REMANDED to the Circuit Court of Elmore County, Alabama.

The Clerk of Court is DIRECTED to take the action necessary to accomplish the remand of this case to the Circuit Court of Elmore County, Alabama.

Done this 25th day of March, 2016.

                                            /s/ Terry F. Moorer
                                            TERRY F. MOORER
                                            UNITED STATES MAGISTRATE JUDGE